

**The New York Times
Company**

David McCraw
Vice President & Deputy
General Counsel

T 212 556 4031

mccraw@nytimes.com

620 8th Avenue
New York, NY 10018
nytimes.com

November 5, 2018

**VIA FEDERAL EXPRESS**

The Honorable Margo K. Brodie
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn New York 11201

Re:     *United States v. Leissner*, 18-cr-439-MKB – Motion for Unsealing
        of Plea Hearing Transcript

Dear Judge Brodie:

I write on behalf of The New York Times Company ("The Times") to
request that the Court unseal the transcript of Defendant Tim Leissner's
plea hearing, which took place on August 28, 2018 in a closed proceeding.
*See* Dkt. Entry for August 28, 2018. Though the proceedings against Mr.
Leissner are now largely a matter of public record, the transcript of that
hearing remains under seal. That sealing is contrary to both the common
law and First Amendment rights of access, and any basis for setting aside
those rights and maintaining secrecy has now disappeared.[1]  Counsel for
Defendant has told The Times that he will oppose the motion; attorneys
for the Government said they have not yet determined their position.

There is no question that in the Second Circuit a qualified First
Amendment right of access attaches to the transcript of a plea hearing.
*United States v. Haller*, 837 F.2d 84, 87 (2d Cir. 1988) ("[T]he qualified

---

[1] The right of access is an affirmative, enforceable public right, and
the standing of the press to enforce it is well settled. *See, e.g., Globe
Newspaper Co. v. Superior Court*, 457 U.S. 596, 609 n.25 (1982);
*Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91 (2d Cir. 2004). If the
Court prefers, we are prepared to move by formal motion to intervene and
seek the unsealing.

first amendment right of access extends to plea hearings and thus to documents filed in connection with those hearings."); *see also United States v. Zazi*, 2010 WL 2710605, at *2 (E.D.N.Y. June 30, 2010) (First Amendment right of access to plea documents was not overcome); *United States v. Key*, 2010 WL 3724358, at *3 (E.D.N.Y. Sept. 15, 2010) (same).[2] As the Second Circuit explained in *Haller*, "[p]lea hearings have typically been open to the public" and access "serves to allow public scrutiny of the conduct of courts and prosecutors." 837 F.2d at 86-87 (citing *Globe Newspaper*, 457 U.S. at 603). Because "the taking of a plea is the most common form of adjudication in criminal litigation," the case for access under the qualified First Amendment right is particularly powerful in a case like this. *See id.* at 87 (citing *Brady v. United States*, 397 U.S. 742, 752 (1970)). The transcript can remain sealed only if the Court makes "specific, on the record findings demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* (quoting *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 13-14 (1986) (internal marks and alterations omitted)).

The need for access to a transcript of a plea hearing is heightened where, as here, the public had no notice of or opportunity to attend the proceeding itself. The Second Circuit in the closely related context of sentencing has powerfully explained why public access to the adjudicatory portions of a criminal proceeding is so vital:

> There is no doubt that witnessing a sentencing in person is a more powerful experience than reading a transcript of the proceeding. A sentencing proceeding is a solemn occasion at which the judge has the weighty duty of determining the fate of another human being. A transcript of the proceeding does not convey the impact that the judge's words and actions have on the defendant and any friends or family members present. Furthermore, the ability to see the

---

[2] The plea hearing transcript is also subject to a right of access under the common law, but focus here is on the First Amendment since it sets a more stringent standard for sealing. *See, e.g.*, *In re Application of Nat'l Broad. Co.*, 635 F.2d 945, 952 (2d Cir. 1980) (common law right to exhibits at criminal trial); *see also Newsday LLC v. Cty. of Nassau*, 730 F.3d 156, 165 (2d Cir. 2013) (analyzing access under higher First Amendment standard).

application of sentencing laws in person is important to an informed public debate over these laws. Observing the effect of laws that expand or contract the discretion of judges in imposing sentences in individual cases may provide a valuable perspective.

*United States v. Alcantara*, 396 F.3d 189, 199 (2d Cir. 2005).

The converse is true here, where the public had no ability to witness the plea hearing. The transcript must serve as the much-needed, if imperfect, substitute for the absence of the public access that is the lifeblood of the judicial system.

We see nothing in the record that would counsel in favor of continued secrecy. We assume that the plea session was secret to avoid tipping off others that a criminal investigation involving Defendant was ongoing. That rationale is gone now that the charges against Mr. Leissner and his alleged confederates have become public. *See* Matthew Goldstein, Alexandra Stevenson, and Emily Flitter, *Goldman Sachs Ensnarled in Vast 1MDB Fraud Scandal*, New York Times (Nov. 1, 2018), https://nyti.ms/2Dil5BS.

The high degree of public interest in this prosecution also bolsters the case for access to the transcript. The allegations of the prosecutors are that a small group of people – including Mr. Leissner, a former employee at an American bank – joined in a scheme to embezzle billions of dollars from a state-run investment fund in Malaysia. *Id.* The former Malaysian Prime Minister, who was also reportedly involved, lost his re-election bid and is now the subject of corruption charges. *Id.*

Put simply, the public is watching this case. Its confidence in the administration of justice depends on the openness of these proceedings, particularly given the swift conclusion of the case against Mr. Leissner. The words of Chief Justice Burger in *Richmond Newspapers v. Virginia*, 446 U.S. 555, 572 (1980), are particularly apt:

> People in an open society do not demand infallibility from their institutions, but it is difficult for them to accept what they are prohibited from observing. When a criminal trial is conducted in the open, there is at least an opportunity both for understanding the system in general and its workings in a particular case . . . .

There is no basis here for the continued sealing.

We thank the Court for its consideration of the matter.

Respectfully submitted,

David McCraw